24-2646 Eastern Missouri Robert Eveland et al. v. City of St. Louis et al. Alright, Mr. Kistner, we'll hear from you first. Thank you. May it please the court, I'm Elkin Kistner. I represent the firefighter appellants. The district court made a critical mistake in misinterpreting the Sherman George v. City of St. Louis case. Had the district court not misinterpreted that case, I think that this appeal would not be here. The plaintiffs, the appellants, the firefighter appellants would be proceeding toward trial. But what happened is she interpreted, the district court interpreted the Sherman George case erroneously and very fundamentally to give a superior official, the director of the Department of Public Safety, the power to control the subordinate fire chief, the appointing authorities, complete unfettered discretion and responsibility to determine if and when somebody is going to get promoted within the fire department structure and also which person to select. Excuse me, counsel, I have a question. I don't know why this is the beginning of this since you started with that statement. I'm wondering, is that where this power is located and is it really in the director of public safety? There's a civil service rule, Roman numeral 7, section 1, that says that it's the director of personnel who has the discretion to refuse a promotion in favor of some other form of appointment, not the director of public safety. Do you have a comment on that? Nobody has focused on that particular provision, your honor. I will say that rule 7 relating to certification and appointment says that the appointing authority has the responsibility. I believe you that you are reading a portion of rule 7 that we have not focused on. It may not matter to the principles, but it's odd to me that it seems to me that the wrong person has been focused on. That is correct. So I think that sometimes it's better to be lucky than good. No, the practical reality is that where the district court went astray is in determining that the person who put the brakes on in January of 2022, the director of department of public safety had a role in determining whether somebody was going to be promoted, if there were going to be promotions, and had effectively the countermanding authority over the appointing authorities determinations in that regard. Regardless of whether in some other factual set of circumstances under rule 7, the director of the department of personnel has some role in this process, never came up, never been discussed. The question, though, is whether the director of the department of public safety, who interfered with the longstanding practice, the explicit understandings between the parties, beginning in 2013 when the two eligibility lists were created for the captain and the battalion chief. When those were created, Chief Jenkinson, who was the appointing authority, appointed over 75 firefighters to the superior positions as soon as the vacancies occurred. In each and every instance, there was a simple paper practice of him sending a form to his boss, the director of department of public safety, saying, in effect, just confirm that this appointment I'm going to make is within our table of organization. Again, there's no rule that backs up that director of department of public safety. It was just this bookkeeping practice. Just confirm that we're operating within the same table of organization. Over the span of nearly 10 years, in each and every instance, when there was a vacancy in either the captain or the battalion chief, the fire chief testified in the preliminary injunction hearing. This was two days of hearings that made up a substantial portion of the summary judgment record. In each and every instance, an official from the director of department of public personnel confirmed this at the hearing. In each and every instance, he would basically say to the department of personnel, send me the panel of six people. Under the rules, then, the director of the department of personnel needs to send the panel of six people, the six highest on whatever is the appropriate eligibility list. In each and every instance, in about 75 examples, the fire chief would select the highest person. That is how you get to the unwavering practice under Perry v. Sinderman, which yields the holy... It gives you a property right, doesn't it? Pardon me? It gives you a property right or an actionable expectancy. Is that your argument? That's correct. It's an expectancy. It may be a mere expectancy. No, it's not. So, yes, I believe that the language that is used to characterize somebody who does not actually benefit from an explicit practice over a long period of time, that's just an expectancy. That is not something that would amount to a longstanding practice of the type that we are talking about and the type that the United States Supreme Court discussed in Perry v. Sinderman or, for example, the Musselwaith v. City of Mason City case that we cite. So when you have these longstanding practices, it's clear that those can give rise to a property interest, just as would a contract or an explicit law. Say, for example, guaranteeing you something, an expectancy of being able to retain your position of employment absent misconduct. This is not just an expectancy. It is an entitlement to be promoted following this very, very long practice that had been ingrained. It was backed up, ironically, by the 2017 Settlement Agreement, which now the Settlement Agreement is now no longer before you, but it does bookend these mutual understandings as to how this worked. The Settlement Agreement said we are going to aspire to create new testing, but by the way, those 2013 eligibility lists, they still exist, and you've got to promote off them, and you can't delay promoting in anticipation of new testing occurring. So you actually have this convergence of long practice of understandings, the 2017 Settlement Agreement, which confirms that that will continue to go forward, and then you have the Director of the Department of Public Safety usurping authority that is nonexistent to interfere with the appointing authority's discretion. Now, bear in mind, as was testified to by Chief Jenkinson at the preliminary injunction hearing, when you take this table of organization, it's a command-and-control organization. It is designed to basically conform to a table of organizations that's established by standards by some national fire institute. You take away these promotions, you're interfering with the command-and-control structure, which is harmful to public safety. So we have had now a period of time since early 2022 in which no promotions have been made through this date, and this is really the usurpation of the appointing authority's power, by the way, runs completely contrary. Whether you believe in the concept of civil service systems or merit systems or not, what is fundamental in each and every one of them, I believe, is the concept of the appointing authority. You cannot countermand or interfere with the appointing authority's discretion as to what he or she is going to do with a subordinate. You can't do that because that role is sacrosanct. However, if you don't like what your subordinate is doing in his capacity as an appointing authority, you can do exactly what happened in the Sherman George case. You fire him for being insubordinate. That didn't happen. Chief Jenkinson is still the chief. They didn't have the temerity to actually do what Sherman George said you can do, which is to tell this fine man, the fire chief, hit the road. Instead, they interfered with this special responsibility that the appointing authority has, harming to a great degree the firefighter appellants and also harming public safety. My 10 minutes is up. Thank you. In case I don't reappear, we would ask that this court reverse the decision of the district court and remand for further proceedings. Thank you. Very well. Thank you for your argument. Mr. Haynes, we'll hear from you for the city as I understand it. Yes, Your Honor. Chief Judge Culleton, Judge Arnold, Judge Grunder, greetings. May it please the court. My name is Curtis T. Haynes. Counsel at the table with me is Inez Ross. We represent the city of St. Louis and Director Charles Cole in this appeal. Before I address the appellants' arguments, I'd like to briefly give the court a background of where we are and where this case is at. The district court granted summary judgment to the defendants against the appellants on three federal claims because the claims required constitutionally protected property interests, in which they have not alleged a constitutionally protected property interest in a promotion. The appellants here are fire privates or fire captains for the city of St. Louis, who serve as acting captains or acting battalion chiefs. Each of these plaintiffs is a city of St. Louis firefighter who was designated on a certain eligible list. One of the two lists, which was in existence as of August 2017, one of the lists contains the rank for fire battalion chief, the other for fire captain. The fire department itself is one of the many divisions of the Department of Public Safety where Director Charles Cole was the Director of Public Safety. Excuse me, counsel. Pardon me. I have another question about Missouri law, please. The statute, Missouri revised statute 432.070, seems to say that an oral contract with the city is void. I'm wondering if that statute is of any relevance in this case. Your Honor, I do not have the statute in front of me. The city would say that the appellant did not address that particular statute in his briefing or its oral argument, and so the city would say no. Well, but I mean, there's no written contract here providing for this kind of promotion, is there? So wouldn't that be a defense for the city? Say that again? Would that not be a defense for the city? There's no writing here guaranteeing this promotional process, right? Right. That's the whole thing, the whole case is. I'm sorry, I've got difficulty this morning. The whole case is based on custom, alleged custom, correct? The city would say that the focus should be on property interest. The appellants would like to sway the court's attention and distract the court with this authority as well as past practice argument. These arguments are incorrect, and they do not allege any property interest at all. And neither through their brief nor orally do they appropriately challenge the record that is before the court. They are simply trying to overrule George to dissolve any oversight of the fire department. George is problematic for the appellants because George doesn't actually give anyone a property interest in promotions. George's crux is that the fire department is subject to the oversight of the mayor, the Department of Public Safety, and the Board of Aldermen. The chief cannot unilaterally reject any directives from any of these bodies. Appellants want to turn the fire department into its own chiefdom, and George has said that that is not okay. The fire department, again, is one of many divisions under the Department of Public Safety where Charles Cole was the director of the Department of Public Safety at the time. Cole's level of discretion is above the chief's level of discretion because it is the director's discretion to approve a requisition. But Director Cole's discretion as to whether to approve the requisition never usurps the chief's discretion of which firefighter to promote when Director Cole says that promotions will actually occur. Cole said it on the stand in his preliminary injunction hearing, I believe it's document 63-2, pages 97-98, that he was the appointed authority for the fire department, as well as he said that the director of public safety has to approve the promotions. The requisitions to make promotions are sent to me, and it's my authority to sign them or not. His decision is the final for the promotions that are made within the fire department. The fire chief, as we know from George, may not ignore the directives of his superiors. Specifically, in George, the court says that such division level managerial concerns were superseded by the express directive of an executive with superior management authority. Director Cole has superior management authority over Fire Chief Jenkinson. As well as in George, it says, under the mayor, article 13 names the director of public safety as head of the department of public safety with supervisory authority over the various divisions within it, including the fire department. Much of what the appellants have focused on has simply been authority. The plaintiffs, the appellants in this case, the city would like to make two quick arguments. The appellants must have a constitutionally protected property interest in a promotion. We know that from the 2002 case, Meyer v. Joplin. There, the court held that when an employer may consider subjective and objective factors in making promotional decisions and applicants' expectations based on test rankings or prior employment fails to rise to the level of a constitutionally protected property interest, there's no entitlement to an automatic promotion just because you're qualified or because your name is placed on an eligibility list. To state an actionable claim for a violation of due process rights, appellants must establish they actually had a property interest in a promotion, which they cannot do here. In that Meyer v. Joplin case, Meyer was actually a police sergeant who actually obtained the highest score on the examination and was one of the top three candidates, but was not selected for a promotion. In terms of the past practice argument, the Mulvinon v. Greenwood case supports the city's position. I'm not sure if you're familiar with the facts of the case, but briefly, Mulvinon was a chair of the department. He actually was already in the role that he wanted to keep. There was a reappointment letter that was sent to him that had some specific guidelines for reappointment. The issue was whether he had a constitutionally protected property interest. First, the plaintiffs are in a worse position than Mulvinon. They don't actually even sit in the position already that they aspire to be. Similar to the reappointment guidelines in Mulvinon, the existence of procedures alone cannot create a property interest. When the court talked about Rule 7, Section 1, as well as what we cited in our briefing, Section 2-4, that governs certification and appointment. That is simply a process alone. That is all it is, is a process. That is precisely what is being argued here. Also, in terms of the past practices argument made from the appellants, the past practices of Chief Jengerson do not give plaintiffs a protected property interest. I actually would cite to the 1981 case, Connecticut Board of Pardons v. Dunstchat. While I wouldn't dare compare the appellants to the plaintiffs in that case, a similar argument was made about the fact that statistically in the past there was a generous granting or there was a statistical probability that something would happen. In that case, which is a Supreme Court case, the reasoning given in that case specifically says statistical probabilities standing alone generate no constitutional protections. Again, the appellants here cannot allege a property interest in an actual promotion. Cole is the Director of Public Safety, who is the appointed authority of the Chief of the Fire Department. I'll briefly say that, as well, the appellants taking claim fails because they have no interest in a promotion and they cannot demonstrate a promotion for public use. Their contracts cause argument should be affirmed because they have forfeited that claim but not providing meaningful argument about it in their briefing. As well as they have not alleged, according to Weininger, the Eighth Circuit case, the 1994 case, that there was a law impairing a contractual relationship. This case is not about authority but about property interest. To some, I would analogize this to a water faucet with a filter. While the filter may determine what water passes through to the sink, the filter can never turn the water on and off. The Fire Chief here is nothing more than like a filter on a faucet, limited in what he can do until the water is turned on by his superior management authority, Director of Public Safety or the Mayor or the Board of Aldermen. Thank you for allowing the City of St. Louis and Director Charles Cole to present its oral argument before the Court. The Court should undoubtedly affirm the District Court's ruling. Very well, thank you for your argument. Thank you to both counsel. The case is submitted and the Court will file a decision in due course. I think someone wants to say about the question that I asked. Well, we certainly should hear that. He's pointing at me, so I think it's... Yes, well, you're pointing at Judge Arnold, so we'd like... I know that this is an indulgence, I appreciate it. You may proceed. Yes, Judge Arnold. We'll give you one minute for rebuttal. Yes, Judge Arnold. The 432-070 is a statute in Missouri that's known as the Municipal Statute of Frauds. It's a statute of frauds on steroids. It's inapplicable. I think if you take a look at the cases interpreting the Perry-Verson Syndrome and applying it, they're looking at practices. It doesn't necessarily have to be a quasi-contract. It doesn't have to be an implied contract. In fact, the cases say the quasi-contract is void. That's correct. It's not part of that statute. That is correct. Yes. My point is, if you take a look at the progeny under Perry-Verson Syndrome, it doesn't have to, in order to create something that exceeds an expectation, it doesn't have to be in the nature of... I understand that, but it's a contract claim. Also, I don't... It's a contract clause claim. That's a different matter. You've got 10 seconds. Also, I don't think it was pled as an affirmative defense. I can't recall off the top of my head whether 432-070 is necessarily an affirmative defense. I don't think it was pled. I think if the court... It hasn't been involved in the case. I simply wanted my curiosity satisfied. Thank you. You've gone some way to doing that. Thank you. Thank you.  Thank you. Yes, sir. Thank you to both counsel. The case is now submitted, and the court will file a decision in due course.